UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GROSS,<br><br>　　　　Defendant. | No. 2:21-cv-1095 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 25, 2021, plaintiff was ordered to file a completed in forma pauperis affidavit or to pay the filing fee and to do so within thirty days. See ECF No. 9 at 2. Thereafter, on July 6, 2021, plaintiff filed a motion to stay the proceedings pending his exhaustion of administrative remedies. See ECF No. 11.

　　　　For the reasons stated below, plaintiff's motion to stay this action pending his exhaustion of administrative remedies will be denied. In addition, the undersigned will recommend that this action be dismissed for failure to file an in forma pauperis application, or in the alternative, to pay the filing fee.

////

I.      PROCEDURAL STATUS

Plaintiff has failed to file an application to proceed in forma pauperis or pay the filing fee within the time allotted. See generally ECF No. 9 at 2 (court order directing plaintiff to do so). To date, plaintiff has provided no explanation for his failure to comply.

Plaintiff currently requests that this matter be stayed. See ECF No. 11. He makes the request because he has not yet exhausted his administrative remedies at the prison. See id. at 2.

II.     DISCUSSION

It is well-settled that in order to proceed with a civil action, an indigent prisoner must first either pay the filing fee or file an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a); 1915(a)(1)-(2). Because plaintiff has done neither, this action may not proceed. Accordingly, the court need not consider plaintiff's motion to stay these proceedings pending the exhaustion of his administrative remedies.

Moreover, contrary to plaintiff's apparent belief,[1] his eventual completion of the prison administrative remedial process will not allow the court to review his complaint. It is well-settled that a prisoner must exhaust his administrative remedies *prior* to filing an action in this court. See 42 U.S.C. § 1997e ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."); Rhodes v. Robinson, 621 F.3d 1002, 1004-1005 (9th Cir. 2010) (exhaustion requirement must be satisfied prior to filing in district court). Even if plaintiff had paid the filing fee or been granted in forma pauperis status, his affirmative representation of non-exhaustion would require dismissal without prejudice. See Jones v. Block, 549 U.S. 199, 214-215 (2007) (approving sua sponte dismissal for acknowledged nonexhaustion); Wyatt v. Terhune, 315 F.3d 1108, 1120 (2003) (prisoner's concession to nonexhaustion generally supports dismissal), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014). Accordingly, a stay would be futile.

For these reasons, plaintiff's motion to stay these proceedings will be denied. It will also be recommended that this action be dismissed for failure to file an in forma pauperis application

---

[1] See ECF No. 11 at 2 (plaintiff estimating that it will take months to exhaust his administrative remedies and thus asking court to stay this matter and hold it in abeyance while he does so).

or, in the alternative, to pay the filing fee.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign a District Court Judge to this action, and

2. Plaintiff's motion to stay this action pending the exhaustion of his prison administrative remedies (ECF No. 11) is DENIED.

IT IS FURTHER RECOMMENDED that this action be DISMISSED without prejudice for failure to file an in forma pauperis application or, in the alternative, to pay the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1)-(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 28, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3